The writ of mandamus should be denied. John Mays was appointed to represent Robert Tegner in this criminal prosecution. Mays has previously represented John Mitchell in a criminal case. Mitchell is purportedly an eyewitness to the murder Tegner is charged with, and it is anticipated that he will be the State's key witness against Tegner.
The trial court held a hearing and found that Mays had a potential conflict of interest in Tegner's case, within the meaning of Rule 1.9, Alabama Rules of Professional Conduct, based on his having previously represented Mitchell. Mays obtained confidential information about Mitchell during the course of representing him. Mitchell has not waived any objection to this potential conflict.
In United States v. Ross, 33 F.3d 1507, 1523 (11th Cir. 1994), the United States Court of Appeals for the Eleventh Circuit held that "[i]n deciding whether the actual or potential conflict warrants disqualification, we examine whether the subject matter of the first representation is substantially related to that of the second." Mays's representation of the State's key witness in the earlier criminal case is substantially related to his representation in Tegner's criminal case. In representing Mitchell, Mays would have learned confidential information about Mitchell that Mays could now use against Mitchell in order to aid in Tegner's defense. Even if Mays did not use any of this confidential information against Mitchell, any attempt by Mays to impeach Mitchell would have the appearance of violating Mitchell's confidentiality. Even if the confidential information is not the direct subject of the impeachment, the confidential information may have aided Mays in obtaining the impeachment information.
The trial judge properly removed John Mays from representing Robert Tegner in this case. Tegner has not shown a clear legal right to the writ of mandamus. I would deny his petition.
MADDOX, J., concurs. *Page 399